UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DENNIS J. MOONEY, )<br>)<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>) | Civil No. 03-210-B-S<br>Criminal No. 01-03-B-S |

## RECOMMENDED DECISION ON RELATION BACK MOTION

Dennis Mooney is now serving a 330-month sentence after a jury found that he was guilty of one count of conspiracy to commit robbery and one count of using or carrying a firearm in connection with a crime of violence. Mooney filed a 28 U.S.C. § 2255 motion in November 2003. As relevant to this current motion, Mooney argued as to one of his grounds that this Court improperly considered four of his prior offenses as four discrete offenses when determining Mooney's criminal history category rather than treating them as related cases under United States Sentencing Guideline § 4A1.2(a). Mooney contended that the four cases were "functionally consolidated" as they were all treated at the same time and Mooney received the same concurrent sentence as to all four convictions.

I issued a recommended decision on that 28 U.S.C. § 2255 motion on April 30, 2004, and it was affirmed by the District Court Judge on June 23, 2004. On September 14, 2004, Mooney filed an untimely notice of appeal and a pro se motion for a certificate

of appealability. On September16, 2004, this court denied Mooney a certificate of appealability.

On October 24, 2005, the First Circuit Court of Appeals entered the following order: "Notice of appeal returned to the district court for a ruling whether the district court will enlarge the time for filing an appeal and will consider this notice of appeal timely filed."  I, in turn, entered an order: "In accordance with the directive of the First Circuit Court of Appeals and after reviewing the record in this case, I am satisfied that the plaintiff has shown neither good cause nor excusable neglect for his failure to file his notice of appeal within the sixty (60) days allotted under the rules.  Therefore, I **DENY** any further extension of the appeal period." However, on October 12, 2004, this Court concluded that Mooney had demonstrated good cause and excusable neglect.

The First Circuit Court of Appeals responded as follows:

> Notwithstanding our September 29, 2004 order, which was issued in error, we conclude that the district court lacked the power to extend the time for appeal because appellant did not file a motion to extend the time for appeal within the thirty days of the expiration of the time for appeal. Wyzik v. Employee Benefit Plane of Crane Company, 663 F.2d 248 (1st Cir. 1981).  The "Motion to proceed Nunc Pro Tunc" appellant says he filed on October 6, 2004 was outside the thirty day period, and appellant may not circumvent the deadline by asking the district court to act nunc pro tunc.

(Doc. No. 33 at 1.)

On January 6, 2006, Mooney filed a motion for Federal Rule of Civil Procedure 60(b) relief that was docketed in this 28 U.S.C. § 2255 proceeding.  (Doc. No. 35.)  This motion complained that his conditions of confinement prevented him from filing proper responses in his § 2255 action.  The court entered an order denying this motion as untimely on February 6, 2006.  (Doc. No. 38.)  On May 1, 2007, he filed yet another Rule

60(b) motion arguing that there was no federal jurisdiction over his crime.  (Doc. No. 39.) This Court summarily denied this motion on May 23, 2007.  (Doc. No. 42.)

Most recently, in the criminal case Mooney filed a motion to reduce sentence on January 8, 2008, seeking a modification of his sentence pursuant to Amendment 709. (Crim. No. 01-03-B-S, Doc. No. 164.)  This Court entered the following rebuff:

> Turning to Defendant's request for modification and reduction of his sentence, this Motion is without merit. There is no basis for the Court to modify the Defendant's term of imprisonment under 18 U.S.C. § 3582(c). None of the recent amendments to USSG § 1B1.10 amend the Defendant's guideline range. For this reason, Defendant's Motion to Modify Term of Imprisonment (Docket # 164) is hereby DENIED.

(Id. Doc. No. 170.)

Now Mooney has filed this Federal Rule of Civil Procedure Rule 15 motion and there is no question that this present filing is really an attempted end-run around the restrictions on filing second and successive 28 U.S.C. § 2255 motions.  See cf. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) ("Some of these constraints were numerical; for example, AEDPA required a federal prisoner who sought to prosecute a second or successive section 2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals. Id. § 2255(h).  By the terms of the statute, such a certificate will be made available only if the prisoner can show that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional law.  Id.  We have interpreted this provision as "stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st

3

Cir.1997).")[1] What is more, this Court has already determined in ruling on Mooney's motion to reduce his sentence that he is not entitled to relief on the basis of Amendment 709, so even if this present pleading was somehow worthy of review without Mooney seeking authorization to file a second and successive 28 U.S.C. § 2255 motion, my recommendation would be that his motion be denied.[2]

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 12, 2008.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[1] As the United States points out, this 28 U.S.C. § 2255 proceeding was subject to a final disposition, distinguishing Mooney's case from United States v. Godin, 522 F.3d 133 (1st Cir. 2008) which was issued on a petition for rehearing from Godin's direct appeal.

[2] The United States argues that it might be appropriate to enter an order requiring advance approval of the court before he files further challenges to his conviction because he has become a vexatious litigant.